NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

Filed / Docketed
January 22, 2007

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| LOEHRS, VICKI, | ) | Case No. 06-10670-R |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| R. BRENT DOBBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adv. No. 06-1211-R |
| | ) | |
| VICKI LOEHRS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Before the Court is the Motion for Summary Judgment (Adv. Doc. 13) (the "Motion") filed by Plaintiff R. Brent Dobbs ("Mr. Dobbs") on November 15, 2006; the Debtor/Defendant's Response to Motion for Summary Judgment (Adv. Doc. 18) (the "Response") filed by Defendant Vicki Loehrs ("Ms. Loehrs") on December 15, 2006; and the Reply Brief (Adv. Doc. 19) filed by Mr. Dobbs on December 29, 2006.

**I.    Jurisdiction**

The Court has jurisdiction of this "core" proceeding by virtue of 28 U.S.C. §§ 1334, 157(a), and 157(b)(2)(I); and Local Civil Rule 84.1(a) of the United States District Court for the Northern District of Oklahoma.

## II.     Summary Judgment Standard

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c), made applicable to this proceeding by Bankruptcy Rule 7056. A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim." Wright *ex rel.* Trust Co. of Kansas v. Abbott Labs., Inc., 259 F.3d 1226, 1231-32 (10th Cir. 2001), *citing* Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998). An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." Adler, 144 F.3d at 670, *citing* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. See Spaulding v. United Transp. Union, 279 F.3d 901, 904 (10th Cir. 2002), *citing* Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

Once the movant has met its initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." Spaulding, 279 F.3d at 904, *citing* Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Liberty Lobby, 477 U.S. at 248. The nonmoving party may not simply rest upon its pleadings to satisfy its burden. Liberty Lobby, 477 U.S. at 256. Rather the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." Mitchell v. City of Moore, 218

F.3d 1190, 1197 (10th Cir. 2000), *quoting* Adler, 144 F.3d at 671.  To accomplish this, the facts "must be identified by reference to an affidavit, a deposition transcript or a specific exhibit incorporated therein."  Adams v. American Guarantee and Liability Ins. Co., 233 F.3d 1242, 1246 (10th Cir. 2000) (quotations and citation omitted).

"[A]t the summary judgment stage the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  Liberty Lobby, 477 U.S. at 249.  Reasonable inferences that may be made from the proffered evidentiary record should be drawn in favor of the non-moving party.  See Adams, 233 F.3d at 1246.  However, "[i]f the [non-moving party's] evidence is merely colorable or is not significantly probative, summary judgment may be granted."  Liberty Lobby, 477 U.S. at 249-50 (citations omitted).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587.  Conversely, even where a movant's facts are undisputed, if two reasonable factfinders could reach different conclusions or "ultimate inferences" from the undisputed facts, summary judgment is not warranted.  See Luckett v. Bethlehem Steel Corp., 618 F.2d 1373, 1382 (10th Cir. 1980).

**III.   Record on Summary Judgment**

The following material facts are uncontested and are supported by the record:

Mr. Dobbs and Ms. Loehrs were divorced from each other on November 30, 2004, pursuant to Consent Decree of Dissolution of Marriage (the "Dissolution Decree") entered by the Tulsa County District Court (the "State Court").  Complaint to Determine

3

Dischargeability of Debt (Adv. Doc. 1) ("Complaint") at 2, ¶ 4; Response to Complaint to Determine Dischargeability of Debt (Adv. Doc. 4)("Answer") at 1, ¶ 4; Motion at 5, ¶ 4, and Motion Exh. 1 (Dissolution Decree) (not controverted by Ms. Loehrs).  In the Dissolution Decree, the parties agreed to dissolve their marriage and divide their property and debts, but reserved for future decision by the State Court the "issues of custody, control, guardianship, rights of visitation or custodial periods regarding the minor child of the parties, child support, [and] attorneys' fees and costs of litigation."   Dissolution Decree at 5, ¶ 9.  On September 7, 2005, the State Court entered a Consent Final Order Regarding Custody and Child Support in which the parties were awarded joint custody of the parties' minor child in accordance with a Joint Custody Plan, a Parenting Coordinator was appointed, and a division of financial obligations of the parties for the benefit of the child (*i.e.*, child support, health insurance, daycare, etc.) was established.  Motion at 5, ¶ 4, 5; Motion Exh. 2 (Custody/Support Order) and 3 (Joint Custody Plan) (not controverted by Ms. Loehrs).  Thereafter, the parties each filed an application requesting that the State Court enter a judgment against the other for attorney fees and costs, and on or about April 17, 2006, the State Court entered a Journal Entry of Judgment Regarding Attorney's Fees and Costs in favor of Mr. Dobbs and against Ms. Loehrs in the amount of $20,000 (the "Judgment").  Complaint at 2, ¶ 5; Answer at 1, ¶ 5; Motion at 6, ¶ 7; Motion Exh. 4 (Judgment) (not controverted by Ms. Loehrs).  Ms. Loehrs filed her voluntary petition under Chapter 7 of the Bankruptcy Code on May 31, 2006.  Motion at 6, ¶ 8; Motion Exh. 5 (Petition) (not controverted by Ms. Loehrs).  Ms.

Loehrs was granted a Chapter 7 discharge of dischargeable debts on September 12, 2006. Motion at 6, ¶ 9; Motion Exh 6 (Discharge of Debtor) (not controverted by Ms. Loehrs).

## IV.   Conclusions of Law

In proceedings contesting the dischargeability of a debt, the party objecting to discharge, in this case, Mr. Dobbs, has the burden of proving by a preponderance of the evidence that the debt is not dischargeable. See Jones v. Jones (In re Jones), 9 F.3d 878, 880 (10th Cir. 1993).  Mr. Dobbs contends that the Judgment is a "domestic support obligation" and is therefore a non-dischargeable debt pursuant to 11 U.S.C. § 523(a)(5).  Section 523(a)(5) provides that "[a] discharge under section 727 . . . of this title does not discharge an individual debtor from any debt . . . for a domestic support obligation."  11 U.S.C. § 523(a)(5) (2005).[1]

> A "domestic support obligation" is –
>
> a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is –
>
>> (A) owed to or recoverable by –
>>     (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
>>     (ii) a governmental unit;

---

[1] Because Ms. Loehrs filed her petition in May 2006, the bankruptcy laws as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"), effective October 17, 2005, are applicable in this proceeding.  All Bankruptcy Code provisions cited to herein refer to the Bankruptcy Code as amended by BAPCPA.

>   (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
>
>   (C) established . . . before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of –
>       (i) a separation agreement, divorce decree, or property settlement agreement;
>       (ii) an order of a court of record; or
>       (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
>
>   (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

11 U.S.C. § 101(14A).

In his Motion, Mr. Dobbs presents undisputed facts that establish that the $20,000 debt represented by the Judgment arose prior to Ms. Loehrs's bankruptcy, that the debt is owed to or is recoverable by a former spouse and parent of a child of Ms. Loehrs (*i.e.*, Mr. Dobbs), and that the debt was established by a court order. It is not apparent from the face of the Judgment or from the undisputed facts, however, that the entire debt represented by the Judgment is "in the nature of alimony, maintenance, or support. . . of such spouse, former spouse, or child of the debtor or such child's parent." 11 U.S.C. § 101(14A)(B).[2]

---

[2] Mr. Dobbs does not appear to contend that the Judgment was entered as a means of providing support to Mr. Dobbs. For example, he does not argue that fees and costs were awarded because Ms. Loehrs had superior economic means to pay such fees and costs or because Mr. Dobbs could not afford to pay his own attorney fees and costs. Moreover, the undisputed facts do not support any inference that the Judgment requiring Ms. Loehrs to

Attorney fees and costs assessed in custody and visitation disputes are *presumed* to be in the nature of support of the child whose custody is at issue. See Jones, 9 F.3d at 882.[3] Accord Lowther v. Lowther (In re Lowther), 321 F.3d 946, 948 (10th Cir. 2002); Miller v. Gentry (In re Miller), 55 F.3d 1487, 1489 (10th Cir. 1995). "Since determination of child custody is essential to the child's proper 'support,' attorney fees incurred and awarded in child custody litigation should likewise be considered as obligations for 'support,' at least in the absence of clear indication of special circumstances to the contrary." Jones, 9 F.3d at 881, *citing* Holtz v. Poe (In re Poe), 118 B.R. 809, 812 (Bankr. N.D. Okla. 1990). In Jones, the Tenth Circuit specifically rejected the proposition that "the bankruptcy court must look at the purpose behind the custody action and examine whether that action was held in order to determine the best interests of the child." Id. at 881. In the Tenth's Circuit's view, "in all custody actions, the court's ultimate goal is the welfare of the child." Id. "Consequently, court-ordered attorney's fees arising from . . . custody actions are deemed in the nature of support under § 523(a)(5) as being incurred on behalf of the child. This debt is non-dischargeable." Id. at 882. Attorney fees and costs incurred in establishing child support is likewise deemed to be non-dischargeable support of a child. See Duncan v. Duncan (In re

---

reimburse Mr. Dobbs for a portion of his attorney fees and costs was intended to provide Mr. Dobbs with financial assistance. Thus, the Court assumes that Mr. Dobbs is arguing that the Judgment is an order to support a "child of the debtor."

[3]The definition of "domestic support obligation" in Section 101(14A) was derived in significant part from the definition of a non-dischargeable debt for alimony, maintenance and support contained in pre-BAPCPA Section 523(a)(5). Case law construing what constituted non-dischargeable alimony, maintenance and support under former Section 523(a)(5) is relevant in determining what constitutes a debt "in the nature of alimony, maintenance, or support " under Section 101(14A).

Duncan), 122 B.R. 434, 435 (Bankr. N.D. Okla. 1991) (attorney fees take on the character of the obligation for which they were incurred when determining whether an attorney fee judgment is dischargeable; attorney fees incurred in establishing or enforcing support obligations are non-dischargeable).

Thus, in order to establish that a debt for attorney fees and costs is "in the nature of alimony, maintenance or support" of a debtor's child, a plaintiff must establish that the attorney fees and costs were awarded to a parent of the debtor's child in a court order and that such fees were incurred solely in connection with a child custody and/or child support action. The undisputed facts in this case establish that the Tulsa County District Court ordered Ms. Loehrs to pay $20,000 to Mr. Dobbs to reimburse him for attorney fees and costs, and that the Judgment relates to fees and costs incurred by Mr. Dobbs in the divorce litigation between the parties. The undisputed facts do not establish, however, that the Judgment was intended to reimburse only those fees and costs incurred by Mr. Dobbs in establishing custody, visitation and support of the parties' child. Accordingly, Mr. Dobbs has failed to present uncontroverted evidence of the second element of the definition of a "domestic support obligation," that is, that the Judgment is in the nature of support. See 11 U.S.C. § 101(14A)(B); Brasher v. Turner (In re Turner), 266 B.R. 491, 497 (B.A.P. 10th Cir. 2001) (where objector to discharge failed to establish that the fee award related solely to custody proceedings, objector was required to submit evidence to establish how much of the award was intended to reimburse fees incurred in custody litigation, or otherwise establish that the fee award was intended as support).

However, even if the Judgment is not a "domestic support obligation" that is non-dischargeable under Section 523(a)(5), the Complaint and Answer reflect sufficient uncontested allegations to establish that the Judgment is non-dischargeable pursuant to Section 523(a)(15) of the Bankruptcy Code. Section 523(a)(15) provides that "[a] discharge under section 727 . . . of this title does not discharge an individual debtor from any debt . . . to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record . . . ." 11 U.S.C. § 523(a)(15). The Complaint and Answer establish that the Judgment is a debt to a former spouse, Mr. Dobbs, that was incurred by the debtor, Ms. Loehrs, in the course of the parties' divorce. Thus, even if Mr. Dobbs were not able to prove at trial that the Judgment is a "domestic support obligation," the Judgment would nevertheless be non-dischargeable pursuant to Section 523(a)(15).[4] Accordingly, Mr. Dobbs has met his initial burden of demonstrating an absence of a genuine issue of material fact and his entitlement to a declaration that the Judgment is non-dischargeable as a matter of law.

To avoid summary judgment, Ms. Loehrs must "set forth specific facts showing that there is a genuine issue for trial." Spaulding v. United Transp. Union, 279 F.3d 901, 904

---

[4]Prior to the enactment of the BAPCPA amendments, Section 523(a)(15) articulated two statutory defenses to a former spouse's objection to the dischargeability of non-support debts incurred in connection with divorce proceedings. Those defenses required an assessment of the debtor's ability to pay the non-support debt and/or a balancing of the benefit and detriment to each of the parties that would result from a discharge of the non-support debt. The BAPCPA amendments eliminated those defenses, and therefore those defenses are not available to Ms. Loehrs.

(10th Cir. 2002) (citations omitted).  Moreover, she must present "specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find" in her favor.  Mitchell v. City of Moore, 218 F.3d 1190, 1197 (10th Cir. 2000) (quotations and citations omitted).

In her Response, Ms. Loehrs first contends that the process under which Mr. Dobbs obtained the Judgment was unfair because her counsel withdrew from representing her after the first day of trial on Mr. Dobbs's fee application due to her failure to pay such counsel. See Response at 4, Response Exh. 4 (Application to Withdraw as Attorney of Record).  She argues that she had difficulty obtaining substitute counsel "due to her lack of funds and the fact that the posture of the case was in a mid-trial status," and that she eventually obtained counsel who represented her on a *pro bono* basis who "was handicapped because [her prior counsel] had stipulated to [Mr. Dobbs's counsel's] hourly rate and number of hours as reasonable" and because her new counsel lacked "personal knowledge of the interaction between the parties and prior counsel."  Response at 4.  Ms. Loehrs's complaint regarding the process under which the Judgment was entered does not undermine the preclusive effect that this Court must accord the Judgment, however.

Pursuant to 28 U.S.C. § 1738, federal courts are required to recognize the preclusive effect of a final judgment entered by a state court to the same extent that such judgment would be accorded preclusive effect in the state in which it was rendered.  See 28 U.S.C. § 1738 (Judgments of state courts "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from

10

which they are taken."). "In Oklahoma, once a matter has passed to final judgment in a court of competent jurisdiction, it may not be reopened or subsequently considered absent fraud or collusion." Johnson v. Laing (In re Laing), 945 F.2d 354, 358-59 (10th Cir. 1991) (citation omitted).[5] Thus, absent evidence of fraud or collusion practiced by Mr. Dobbs in obtaining the Judgment, this Court cannot reconsider the merits of the parties' requests for reimbursement of attorney fees and costs incurred in their divorce proceeding to determine whether the State Court should have awarded Mr. Dobbs a Judgment in the amount of $20,000. Ms. Loehrs does not implicate Mr. Dobbs in any misconduct with respect to the trial conducted on the attorney fee applications; rather, she blames her own attorney for requesting to withdraw from representing her (due to her own failure to honor her financial obligations) and further blames the State Court for allowing her attorney to withdraw. She does not allege that "the impartial functions of the court [had] been directly corrupted" by Mr. Dobbs or his attorney so that the State Court was prevented from appropriately executing its judicial functions. See Laing, 945 F.2d at 358.[6] The Court must therefore give full faith

---

[5]A judgment is not entitled to collateral estoppel effect if the court rendering it lacked jurisdiction over the person or over the subject matter, or lacked power to render the particular judgment, or if the judgment was procured by fraud. See Abboud v. Abboud (In re Abboud), 237 B.R. 777, 782 (B.A.P. 10th Cir. 1999) and cases cited therein. Ms. Loehrs does not allege that the State Court lacked jurisdiction or the power to render the Judgment.

[6]To the extent that Ms. Loehrs contends that she did not have a full and fair opportunity to litigate the attorney fee applications, and therefore the Judgment should not be given preclusive effect, the Judgment recites that she appeared at trial on the applications and was represented by an attorney and had an opportunity to present evidence and cross-examine Mr. Dobbs' witnesses. "Although the doctrine of collateral estoppel does not apply when the party against whom the earlier decision is asserted did not have a full and fair opportunity to litigate the claim or issue, . . . state proceedings need do no more than satisfy the minimum procedural requirements of the Fourteenth Amendment's Due Process Clause

and credit to the Judgment — that is, recognize it as a valid final judgment with preclusive effect as to the amount of attorney fees and costs owed by Ms. Loehrs to Mr. Dobbs as a result of their divorce litigation.

Ms. Loehrs also contends that "unusual circumstances" exist that could rebut the presumption that the fees awarded in the Judgment are non-dischargeable child support pursuant to Section 523(a)(5), *citing* Lowther v. Lowther (In re Lowther), 321 F.3d 946 (10th Cir. 2002). Because the Judgment would be non-dischargeable under Section 523(a)(15) regardless of whether the Judgment constitutes a "domestic support obligation" under Section 523(a)(5), the Court need not assess whether facts exist that would implicate Lowther's limited "unusual circumstances" exception to Section 523(a)(5).

## V.   Conclusion

Although Mr. Dobbs did not plead Section 523(a)(15) as a basis for relief in his Complaint or in his Motion, he did in fact request a determination as to the dischargeability of the Judgment,[7] and Ms. Loehrs has admitted all the elements of the exception to discharge

---

in order to qualify for the full faith and credit guaranteed by federal law." Bolling v. City and County of Denver, 790 F.2d 67, 68 (10th Cir. 1986) (quotations and citations omitted). Appearance at trial with counsel more than satisfies due process requirements and therefore Ms. Loehrs was provided with a full and fair opportunity to litigate the fee applications. See, e.g., Nelson v. Tsamasfyros (In re Tsamasfyros), 940 F.2d 605 (10th Cir. 1991) (fact that debtor "appeared *pro se* in a prior state court proceeding does not lessen the collateral effect of the state court judgment"); Bolling, 790 F.2d at 69 (appearance with counsel at administrative hearing provided full and fair opportunity to litigate issue subject to collateral estoppel).

[7]Rule 54(c) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Bankruptcy Rule 7054(a), requires a court to grant relief to which a party is entitled, even if such relief was not demanded in that party's pleadings.

articulated in Section 523(a)(15). To the extent Ms. Loehrs believes she has affirmative defenses to non-dischargeability of the Judgment under Section 523(a)(15), the Court grants her fifteen days to amend her Response to the Motion to assert such defenses and to support them with admissible evidence. If Ms. Loehrs fails to file an amended response, the Court will grant the Motion and enter a judgment in favor of Mr. Dobbs declaring the debt represented by the Judgment non-dischargeable pursuant to Section 523(a)(15).[8]

The Court will enter an order amending the Scheduling Order suspending all deadlines in this proceeding pending resolution of the Motion.

**SO ORDERED** this 22nd day of January, 2007.

DANA L. RASURE, CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

---

[8] In his Motion, Mr. Dobbs also requests that the Court enter an order determining that the Judgment is a first priority unsecured debt under Section 507(a)(1)(A). Motion at 23. Because the Chapter 7 trustee in Ms. Loehrs's bankruptcy case has declared that the estate contained no non-exempt assets worthy of liquidating for the benefit of unsecured creditors and that the estate has been fully administered, the priority of the Judgment as against other unsecured creditors for distribution purposes has been rendered moot. See Trustee's Report of No Distribution, Main Bankruptcy Case Doc. 23.

13